712

## COMMISSIONER OF INTERNAL REVENUE v. CREWS and five other cases.

### Nos. 1751–1756.

Circuit Court of Appeals, Tenth Circuit.

Dec. 11, 1939.

Ellis N. Slack, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., and J. Louis Monarch and Sewall Key, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Albert L. McRill, of Oklahoma City, Okl., and Joseph D. Brady, of Los Angeles, Cal., for respondents.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

These are petitions to review, consolidated in this court, decisions of the Board of Tax Appeals involving income taxes for the year 1930 on income derived from oil and gas wells.

These cases were before this court on a prior appeal. See Crews v. Commissioner, 10 Cir., 89 F.2d 412. They were reversed and remanded to the Board for further proceedings in accordance with the opinion.

In the original proceeding before the Board the parties stipulated that the cost of drilling, equipping, and operating the wells, and certain miscellaneous expenses incident to the production of oil and gas amounted to $849,544.37. At the hearing before the Board after the remand the parties stipulated that such sum was composed of the following items:

Operating Expense:

| | | |
|---|---|---|
| Production Expense | | $272,042.56 |
| General Overhead Expense | | 31,107.34 |
| Depreciation on Equipment | | 110,888.17 |
| Total Operating Expense | | $414,038.07 |
| Development Expense (drilling costs) | | $387,982.80 |
| Equipment | $158,411.67 | |
| Less: Depreciation sustained | 110,888.17 | 47,523.50 |
| Total | | $849,544.37 |

The taxpayers deducted the development expenses and related depreciation in computing their taxable net income from the property for the year 1930.

The Board of Tax Appeals held that in computing the net income of the taxpayers from the property for the purpose of applying the 50 per cent limitation contained in Section 114(b) (3) of the Revenue Act of 1928, 26 U.S.C.A. § 114 note, the development expenses and related depreciation should not be deducted from the gross income from the property. This resulted in a depletion allowance of $333,700.42.

The Commissioner contends that in computing the depletion allowance the development expenses and related depreciation should be deducted in arriving at the net income from the property, and that the proper computation is as follows:

| | |
|---|---|
| Gross Income from the property | $1,213,456.09 |
| Less: Operating and Development Expense | 849,544.37 |
| Net Income from the property | $ 363,911.72 |
| 50 per cent of the net income from the property equals | $ 181,955.86 |
| 27½ per cent of the gross income from the property equals | 333,700.42 |

The conflict of authority with respect to the meaning of the phrase "net income of the taxpayer (computed without allowance for depletion) from the property" in Sec-

tion 114(b) (3) of the Revenue Act of 1928 [1] has been set at rest by the decisions of the Supreme Court in Helvering, Commissioner v. Wilshire Oil Company, 60 S. Ct. 18, 84 L.Ed. ——, and F. H. E. Oil Company v. Commissioner, 60 S.Ct. 26, 84 L.Ed. ——, which ·sustain the contentions of the Commissioner in the instant cases. Hence, the proper depletion allowance is $181,955.-86.

The decisions are reversed and the causes are remanded, with instructions to redetermine the tax in accordance with this opinion.

---

[1] See Ambassador Petroleum Co. v. Commissioner, 9 Cir., 81 F.2d 474; Commissioner v. Wilshire Oil Co., 9 Cir., 95 F.2d 971; Commissioner v. F. H. E. Oil Co., 5 Cir., 102 F.2d 596.