## CREWS v. COMMISSIONER OF INTERNAL REVENUE and five other cases.

### Nos. 2197–2202.

Circuit Court of Appeals, Tenth Circuit.

June 3, 1941.

750

Albert L. McRill, of Oklahoma City, Okl. (M. F. Priebe, of Enid, Okl., on the brief), for petitioners.

Warren F. Wattles, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

These cases have been before this court twice heretofore on petitions to review decisions of the Board of Tax Appeals.

On the first appeal, two questions were presented, (1) the proper amount of depletion allowance, and (2) whether certain funds and property embezzled from an escrow account were deductible as a loss. The latter question became immaterial, in view of our holding that such funds and property were never a part of the gross income received by the taxpayers. We held that the gross income received by the taxpayers for the year 1930 was the aggregate of three items, $849,544.37, $355,000, and the amount of certain royalties which, on remand, was stipulated to be $8,911.72. We concluded that the depletion allowance should be 27½ per cent of the aggregate of those three items, or 50 per cent of the net income of the taxpayers from the property, whichever amount was the lesser. We reversed and remanded the cases to the Board for further proceedings in accordance with our opinion. See Crews v. Commissioner, 10 Cir., 89 F.2d 412.

In the computation of the net taxable income on which the deficiencies were based, the Commissioner had deducted $173,000 expended for attorneys' fees, but had made no allowance for depletion. In its first decision, the Board, in arriving at the net income from the property for depletion purposes, deducted the $173,000 item and $387,982.80 expended for development or drilling costs. In computing the net taxable income, the Board in its first decision deducted the $173,000 item and also deducted a depletion allowance of $140,479.83.

On remand, after our first decision, the Board recomputed the net income from the property for depletion purposes. It eliminated as deductions in determining the net income from the property the $173,000 and the $387,982.80 items. It found that the true net income from the property for depletion purposes was $799,418.02, and that 50 per cent thereof was greater than 27½ per cent of the gross income from the property. It allowed a depletion allowance equal to 27½ per cent of the gross income from the property and directed that the tax liabilities be recomputed accordingly. From that decision the Commissioner appealed.

On the second appeal, the Commissioner contended that the development or drilling costs should be deducted in determining the net income from the property for depletion purposes. He made no contention with respect to the attorneys' fees item. In their briefs, the taxpayers contended, as an alternative, if the development or drilling costs were deducted in computing the net income from the property for depletion purposes, the $173,000 item should be deducted as a business expense for the purpose of determining the net taxable income. However, on oral argument of the cases, counsel for the taxpayers did not urge this contention and it was not considered or passed upon in our opinion. We held that the development or drilling costs should be deducted from the gross income in arriving at net income from the property for depletion purposes, and that the proper depletion allowance was $181,955.86, and remanded the cases with instructions to redetermine the tax liabilities in accordance with our opinion. See Commissioner v. Crews, 10 Cir., 108 F.2d 712. The taxpayers did not file a motion for rehearing nor ask us to determine whether the $173,000 item was deductible as an ordinary business expense in determining net taxable income. The record on the first appeal showed that such deduction had been made. The record on the second appeal did not set forth the recomputation of the tax liabilities. In its second decision, the Board did not pass upon whether the $173,000 item should be deducted in arriving at net taxable income, and did not direct the elimination of that deduction. If the deduction was eliminated, it resulted from the failure to follow, in the recomputation of the tax liabilities, our mandate on the first appeal and the Board's second decision.

After the mandate on our second appeal went down, the Commissioner presented a recomputation purporting to start with the net taxable income as determined by the

Board in its second decision and arrived at the adjusted net taxable income by adding thereto the amount that the Board's allowance for depletion exceeded the correct depletion allowance as fixed by this court on the second appeal. The Board accepted the Commissioner's recomputation.

After the expiration of more than 30 days from the Board's last decision, the taxpayers filed their petitions for review assigning as error that the Commissioner's computation adopted by the Board included in the gross $177,343.70 not included in our determination of gross income on the first appeal, and failed to deduct the $173,000 item in arriving at net taxable income.

The Commissioner has moved to dismiss the petitions to review for lack of jurisdiction.

Section 1140(c)(2) of the Internal Revenue Code, 26 U.S.C.A. § 1140, reads as follows:

"Upon mandate of the Circuit Court of Appeals. If the decision of the Board is modified or reversed by the Circuit Court of Appeals, * * * then the decision of the Board rendered in accordance with the mandate of the Circuit Court of Appeals shall become final on the expiration of 30 days from the time such decision of the Board was rendered, unless within such 30 days either the Commissioner or the taxpayer has instituted proceedings to have such decision corrected so that it will accord with the mandate, in which event the decision of the Board shall become final when so corrected."

We are unable to determine from the record that the recomputation presented by the Commissioner and approved by the Board included in the gross income the item of $177,343.70 eliminated from the gross income by our first decision. But if it did, there was a departure from our mandate which was limited in its direction to the depletion item, and the taxpayers' remedy was to institute proceedings, within 30 days thereafter, to have the decision corrected so that it would accord with our mandate. Having failed to pursue that remedy within the statutory time, the Board's decision became final.

Whether, in such recomputation, in arriving at net taxable income the $173,000 item was eliminated, we are unable to determine from this record. The brief for the Commissioner impliedly admits that the deduction was eliminated. Such elimination, if made, probably occurred in the recomputation made after the second decision by the Board. Our mandate on the first appeal directed a recomputation of the depletion allowance on the basis of 27½ per cent of the gross, or 50 per cent of the net, income from the property, whichever amount was the lesser. The mandate, therefore, required the Board to leave the $173,000 deduction undisturbed in the computation of the net taxable income, because our decision dealt only with the depletion allowance and the direction of our mandate was limited to the determination of that allowance. Therefore, if, on the recomputation made after the Board's second decision, in arriving at net taxable income, the $173,000 item was eliminated, the Board departed from our mandate and the remedy of the taxpayers was to institute proceedings, within 30 days thereafter, to have the Board's decision corrected to accord with the mandate, and having failed so to do, the second decision of the Board as to that item became final.

Our decision on the second appeal again dealt solely with the proper depletion allowance. We fixed it at $181,955.86 and remanded with directions to redetermine the tax liabilities in accordance with our opinion. If the Board eliminated the $173,000 item in arriving at net taxable income in its final decision after our mandate on the second appeal went down, it likewise departed from our mandate, and the taxpayers' remedy was to institute proceedings, within the 30-day period, to have the decision corrected so that it would accord with the mandate.

Having failed thus to institute proper proceedings within the time limited by § 1140, supra, the Board's second decision with respect to such deduction and the Board's final decision with respect to such deduction became final at the expiration of 30 days from the time the respective decisions were rendered and this court is without jurisdiction to correct those decisions.

The petitions to review are accordingly dismissed.