HELVERING, Com'r of Internal Revenue, v.
PRENTICE.

No. 7750.

Circuit Court of Appeals, Third Circuit.
Re-argued May 21, 1943.
Decided Dec. 22, 1943.

For former opinion see 130 F.2d 754.

Morton K. Rothschild, of Washington, D. C., for petitioner.

Thomas M. Wilkins, of Washington, D. C., for respondent.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

PER CURIAM.

The taxpayer was a special partner in a firm of stock brokers. He had no duties to perform for the firm but he had an office with them and he devoted his entire business time to buying and selling stocks, bonds and other securities in the market for his own account. He was in daily contact with the stock market. Through his partnership he had access to market reports, periodicals, stock market and stock ticker services, and made use of them. During the year 1937 he sold securities of a value of more than three and a half million dollars. On these sales he paid commissions to brokers which amounted to $12,-139.38. In his return for the year 1937 he deducted these commissions as ordinary and necessary expenses of carrying on his business. The Commissioner took the view that he was not entitled to the deduction claimed and assessed an additional tax.

On appeal the Board of Tax Appeals held that the taxpayer was engaged in the business of buying and selling securities for his own account and that the commissions paid by him were ordinary and necessary expenses of carrying on his business within the meaning of Section 23(a) of the Revenue Act of 1936, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 827. It entered a judgment of no deficiency.

After argument we filed a per curiam opinion, 3 Cir., 130 F.2d 754, reversing the decision of the Board on the ground that it was not in accordance with law.[1]

A petition for rehearing was filed by the taxpayer based on the retroactive effect of Section 121 of the Revenue Act of October 21, 1942, 56 Stat. 819, 26 U.S.C.A. Int. Rev.Acts. The Commissioner concedes that the retroactive amendments effected by Section 121 are applicable to the Revenue Act of 1936 under which the tax in the case at bar was assessed. He contends, however, that the provisions of Section 121(a) (2) will not save the respondent from tax since sales commissions paid under the circumstances of the case at bar must be treated as capital expenditures. The taxpayer insists that the deductions claimed by him are squarely within the provisions of Section 121(a) (2) because they are ordinary and necessary expenses incurred by him during the taxable year for the production or collection of income and that for this reason they may be deducted from his gross income.

This court is without power to find the facts upon which the taxpayer presently relies and upon which the legal conclusion which he seeks must be based. See Wilmington Trust Company v. Commissioner, 316 U.S. 164, 168, 62 S.Ct. 984, 86 L.Ed. 1352. Accordingly the decision of the Board is vacated and the cause is remanded for findings and conclusions in respect to the issue now presented.

[1] We stated in part: "The case at bar is ruled by the decision of this court in Helvering v. Wilmington Trust Company, 3 Cir., 124 F.2d 156, 158, reversed by the Supreme Court on another point. See Wilmington Trust Company v. Commissioner, 316 U.S. 164, 62 S.Ct. 984, 86 L. Ed. 1352. * * * Accordingly the decision of the Board of Tax Appeals is reversed and the cause is remanded with directions to redetermine the tax in accordance with this opinion."