R. SIMPSON & CO., INC. *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 1. Argued January 12, 1944.—Decided February 14, 1944.

*Mr. Gerald Donovan* for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr.,*

and *Messrs. Sewall Key, Alvin J. Rockwell,* and *Ray A. Brown* were on the brief, for respondent.

MR. JUSTICE JACKSON delivered the opinion of the Court.

For the years 1934, 1935, and 1936 the taxpayer, a corporation, filed complete income and excess-profits tax returns on Form 1120 of the Treasury Department. Each of these included a question whether the corporation was a personal holding company within the meaning of § 351 of the applicable revenue act and stated that if it was, an additional return on Form 1120H was required. The taxpayer answered the question in the negative and did not in any year file personal holding company returns on Form 1120H.

The Commissioner imposed personal holding company surtaxes for each year and under the authority of § 406 of the Revenue Act of 1935 and § 291 of the Revenue Acts of 1934 and 1936 imposed a 25 per cent penalty for failure to file the personal holding company return.

The president, who executed the income tax returns, did not file personal holding company returns because he thought the taxpayer was not a personal holding company within the meaning of the Act. It was actively engaged in the pawnshop business. However, more than 50 per cent of its capital stock was owned by less than five stockholders, and more than 80 per cent of its gross income was derived from interest. The taxpayer filed information returns showing dividends of over $300 paid to each stockholder during those years and its books and records made available to the Commissioner during audit disclosed the facts. No fraud or bad faith is suggested.

The Board of Tax Appeals affirmed the penalties,[1] and its decision was affirmed by the Circuit Court of Appeals.[2]

[1] 44 B. T. A. 498.
[2] 128 F. 2d 742.

There appearing to be no conflict of decision between circuits, we on November 9, 1942 denied certiorari.[3] The 25-day period allowed by our rule in which to file petition for rehearing expired. In February 1943 a conflict developed through decision of *Lane-Wells Co.* v. *Commissioner* by the Court of Appeals for the Ninth Circuit.[4] Petitioner asked leave to file out of time a petition for rehearing and we consented. On June 7, 1943, we granted petition for rehearing, vacated the order denying certiorari, and granted certiorari limited to the penalty question.[5] We asked counsel in view of § 1140 of the Internal Revenue Code and *Helvering* v. *Northern Coal Co.*, 293 U. S. 191, to discuss our jurisdiction to grant a petition for rehearing in the case.

Section 1140 of the Internal Revenue Code, in relevant part, provides:

"The decision of the Tax Court shall become final—

. . . . .

"(b) *Decision affirmed or petition for review dismissed.—*

. . . . .

"(2) *Petition for certiorari denied.*—Upon the denial of a petition for certiorari, if the decision of the Tax Court has been affirmed or the petition for review dismissed by the Circuit Court of Appeals; or

"(3) *After mandate of the Supreme Court.*—Upon the expiration of 30 days from the date of issuance of the mandate of the Supreme Court, if such Court directs that the decision of the Board be affirmed or the petition for review dismissed."

There are other provisions dealing with the situations where the Board's decision is modified or reversed by the Circuit Court of Appeals or by this Court, the purpose be-

---

[3] 317 U. S. 677.

[4] 134 F. 2d 977.

[5] 319 U. S. 778.

ing to determine definitely the date on which the statute of limitations, suspended during appeal, begins to run again and assessment may be made by the Commissioner. The Revenue Act of 1926 had identical provisions.[6]   In reporting upon the provision in the Revenue Bill of 1926, the Senate committee said:

"Section 1005 prescribes the date on which a decision of the Board (whether or not review thereof is had) is to become final.   Inasmuch as the statute of limitations upon assessments and suits for collection, both of which are suspended during review of the Commissioner's determination, commences to run upon the day upon which the Board's decision becomes final, it is of utmost importance that this time be specified as accurately as possible.   In some instances in order to achieve this result the usual rules of law applicable in court procedure must be changed. For example, the power of the court of review to recall its mandate is made to expire 30 days from the date of issuance of the mandate."   Sen. Rep. No. 52, 69th Cong., 1st Sess., p. 37.

In *Helvering* v. *Northern Coal Co., supra,* we considered the provision of the 1926 Act, corresponding to § 1140 (b) (3) of the Internal Revenue Code, dealing with issuance of mandate by this Court.   The question was whether notwithstanding the lapse of more than thirty days after mandate we could grant a petition for rehearing, and it was urged that this statute did not qualify the inherent power of the Court to reconsider its judgments throughout the term in which they are entered.   Quoting the statute, we held: "In view of the authoritative and explicit requirement of the statute and of its application to these cases, the petitions for rehearing are severally denied."

While it appears that we have a number of times granted certiorari to review decisions in cases originating with the

---

[6] § 1005, 44 Stat. 110.

Tax Court after once denying the petitions, *Duquesne Steel Foundry Co.* v. *Burnet,* certiorari denied, 282 U. S. 878, certiorari granted, 282 U. S. 830; *Neuberger* v. *Commissioner,* certiorari denied, 308 U. S. 623, certiorari granted, 310 U. S. 655; *Crane-Johnson Co.* v. *Commissioner,* certiorari denied, 308 U. S. 627, certiorari granted, 309 U. S. 692; *Helvering* v. *Cement Investors,* certiorari denied, 315 U. S. 802, certiorari granted, 315 U. S. 825, in all but one of these cases the petition for rehearing was filed within 25 days after the denial of certiorari.   In the other, the question of jurisdiction was not raised or considered, and therefore it does not establish a construction of the statute.   *United States* v. *More,* 3 Cranch 159, 172; *Snow* v. *United States,* 118 U. S. 346, 354; *Cross* v. *Burke,* 146 U. S. 82, 86; *Louisville Trust Co.* v. *Knott,* 191 U. S. 225, 236; *Arant* v. *Lane,* 245 U. S. 166, 170.

It sometimes is desirable in the light of events to grant a previously denied writ of certiorari, as where it appears the question must later be taken because of conflict.   A grant in such a case not only enables us to do justice to the party if it appears that he has the right of the controversy, but also it gives us the benefit of argument and examination of the additional or contrary aspects of the question presented by the case.   Our rules provide for petitions for rehearing as matter of right within 25 days after judgment,[7] and this rule has been applied to petitions for rehearings of orders denying certiorari.   We have applied it to cases falling within the purview of § 1140 (b) (2).   No mandate issues on denial of certiorari, and after a final decision the mandate does not issue until expiration of the 25-day period within which petition for rehearing may be filed.[8]   If, therefore, we follow the practice heretofore observed, by which we regard denials of certiorari

[7] Rule 33.
[8] Rule 34.

as qualified until the 25-day period expires, we put the denial and the decision on a generally equal basis except as Congress has seen fit to give the latter an additional thirty days before finality. The Government after consideration of the practical aspects of the question advises that in its view our practice in these matters has been "salutary and in accordance with sound policy." There appears to be no good reason, therefore, to hold that the rule as to rehearings, in so far as it permits as matter of right the filing of petition therefor within 25 days, may not apply to this class of cases. But when under our rules our denial has become final, this statute deprives us of jurisdiction over the case.

Accordingly the writ of certiorari is dismissed for want of jurisdiction.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE MURPHY and MR. JUSTICE RUTLEDGE concur, dissenting:

I can find no warrant in § 1140 of the Internal Revenue Code for saying that the decision of the Tax Court becomes "final" only after the expiration of the 25-day period within which a petition for rehearing may be filed. The section contains no such provision. The 25-day period for rehearings is prescribed by our Rule 33. But our authority to grant petitions for rehearing during the Term rises from the same source. See *Wayne United Gas Co.* v. *Owens-Illinois Glass Co.*, 300 U. S. 131, 136–137; *Art Metal Construction Co.* v. *United States*, 289 U. S. 706; *Bronson* v. *Schulten*, 104 U. S. 410, 415. Hence I see no basis for saying that one, but not the other, qualifies that provision of § 1140 which states that the decision of the Tax Court becomes final "upon denial of a petition for certiorari."