## WHITE'S WILL v. COMMISSIONER OF INTERNAL REVENUE.

Nos. 8462, 8478.

Circuit Court of Appeals, Third Circuit.

Argued March 6, 1944.

Decided May 10, 1944.

Theodore B. Benson, of Washington, D. C., for petitioners.

F. E. Youngman, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before BIGGS, JONES and Mc-LAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The taxpayers, trustees under the will of Carl Hicks White, seek a redetermination of the assessments of deficiencies for the tax years 1935 and 1936. In respect to both years the taxpayers deducted commissions and counsel fees paid for services rendered the trust estate. The Commissioner of Internal Revenue disallowed these deductions and assessed deficiencies. The taxpayers sought redetermination by the United States Board of Tax Appeals of the ruling of the Commissioner with respect to the year 1935. On October 12, 1939 the Board entered a decision in favor of the Commissioner. The decision was affirmed by this court on October 9, 1940 and rehearing was denied on May 2, 1941.[1] Certiorari was not applied for because of the decision of the Supreme Court in Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783. The taxpayers then entered into a stipulation agreeing to the assessment of a deficiency for the year 1936. The decision of the Board based upon this stipulation was entered October 6, 1941.

Section 121 of the Revenue Act of October 21, 1942, 56 Stat. 819, 26 U.S.C.A. Int. Rev.Acts, provides that expenses generally characterized as non-trade or non-business expenses may be deducted.[2] It is conceded

---

[1] See White's Will v. Commissioner of Internal Revenue, 3 Cir., 119 F.2d 619.

[2] Section 121 of the Revenue Act provides in part as follows:

"(a) Expenses.

\*    \*    \*    \*    \*    \*    \*

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conserva-

for the purposes of argument that deductions such as those sought in the cases at bar are permitted by the specified section of the Act. Because of the provisions of Section 121, the taxpayers on May 27, 1943 moved in the Tax Court of the United States for leave to file a motion to vacate and set aside the decision of the Board of Tax Appeals relating to the year 1935. The motion was denied and the taxpayers have filed a petition for review to this court. This is the petition pending at our No. 8478. The taxpayers, also on May 27, 1943, moved in the Tax Court for leave to file a motion to withdraw the stipulation for a deficiency as to the year 1936 and to vacate and set aside the decision of the Board based on the stipulation. This motion was also denied and the taxpayers filed a petition for review to this court. This is the petition pending at our No. 8462.

■ The Commissioner has moved to dismiss both petitions asserting that the decisions of the Tax Court denying the motions are not decisions reviewable by this court under Section 1117 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 1117. The Tax Court did not state its reasons for its denials of the motions but said merely that they were denied. We cannot tell, therefore, whether the denials were the result of an exercise of discretion by the Tax Court or were based upon a supposed lack of power. As was stated by the Court of Appeals for the Second Circuit in Monjar v. Commissioner of Internal Revenue, 140 F.2d 263, 264, 265, such denials are to be treated as decisions dismissing the motions for want of jurisdiction.[3] The motions to dismiss the petitions filed to this court accordingly are denied.

■ We will proceed to determine whether the Tax Court had the power to open the decisions entered by it on October 12, 1939 and October 6, 1941 respec-

tively. We will discuss first the decision of the Board entered on October 6, 1941 relating to the year 1936 and based upon the stipulation referred to. Section 1142 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 1142, provides that a petition for review of a decision of the tax tribunal must be filed with that court of appeals which has jurisdiction within three months after the decision of the Board is rendered. No petition for review was filed by the taxpayers within the three months' period. The motion for leave to file a motion to withdraw the stipulation and to set aside the decision of the Board in respect to the year 1936 was filed with the Tax Court over one year and seven months later.

■ As to the year 1935, the judgment of this court affirming the decision of the Board in respect to the deficiency for the year 1935 was filed on October 9, 1940 and a petition for rehearing was denied May 2, 1941. See White's Will v. Commissioner of Internal Revenue, 3 Cir., 119 F.2d 619. Our mandate issued May 28, 1941. Section 1140(b) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 1140 (b) (1), provides that the decision of the tax tribunal shall become final upon the expiration of the time allowed for filing a petition for certiorari if the decision of the Board has been affirmed. It is obvious therefore that the decision of the Board became final in respect to the 1935 deficiency under the provisions of the statute long before the motion to vacate and set aside the decision of the Board was filed with the Tax Court.

■ The Supreme Court has held that the statutory provisions as to finality of decisions of the tax tribunal are conclusive. See Helvering v. Northern Coal Co., 293 U.S. 191, 55 S.Ct. 3, 79 L.Ed. 281. Cf. R. Simpson & Co., Inc. v. Commissioner of Internal Revenue, decided February 14, 1944, 321 U.S. 225, 64 S.Ct. 496.[4] Indeed

---

tion, or maintenance of property held for the production of income.

　＊　　＊　　＊　　＊　　＊　　＊　　＊

"(d) Taxable years to which amendments applicable. The amendments made by this section shall be applicable to taxable years beginning after December 31, 1938.

"(e) Retroactive amendment to prior revenue acts. For the purposes of the Revenue Act of 1938 or any prior revenue Act the amendments made to the Internal Revenue Code by this section

shall be effective as if they were a part of such revenue Act on the date of its enactment."

3 Compare the decision of the Circuit Court of Appeals for the Ninth Circuit in Oviatt's v. Commissioner of Internal Revenue, 128 F.2d 352, wherein it was held that a like order was not appealable. The court none the less decided the appeal upon its merits.

4 In the cited case the Supreme Court had denied a petition duly filed for certiorari. 317 U.S. 677, 63 S.Ct. 158, 87

only one decision which even hints to the contrary has been cited by the taxpayers. The decision referred to is La Floridienne J. Buttgenbach & Co. v. Commissioner of Internal Revenue, 5 Cir., 63 F.2d 630, which presented extraordinary circumstances. These need not be related here other than to say that the Court of Appeals for the Fifth Circuit held that the Board, after the elapse of four years, might, on stipulation of the parties, set aside a decision entered by it on a stipulation based on a mutual mistake of law. Cf. Crews v. Commissioner of Internal Revenue, 120 F. 2d 749, certiorari denied 314 U.S. 664, 62 S.Ct. 126, 127, 86 L.Ed. 532, in which the Court of Appeals for the Tenth Circuit, passing upon the provisions of Section 1140 (c) (2) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 1140(c) (2), held that after the expiration of more than thirty days from the Board's last decision the taxpayers were not entitled to file petitions for review with the court of appeals. We conclude that unless Section 121 of the Revenue Act of October 1, 1942 repeals by implication the provisions of Section 1140, the decisions of the Tax Court denying both motions for leave to vacate must be affirmed.[5]

We can find no basis for concluding that Section 121 of the Revenue Act of October 21, 1942 repeals by implication Section 1140 of the Revenue Code. Citation of authority for the proposition that repeals by implication are not favored is unnecessary. Section 121 obviously will serve to modify Section 23(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code § 23(a) (1), in cases where the provisions of Section 121 are applicable. See the decision of this court in Helvering v. Prentice, 3 Cir., 139 F.2d 691. But it seems a far cry to contend that Congress intended to repeal Section 1140 by passing Section 121. The reports of the Committees of the Senate and House of Representatives do not suggest that there was any intent to modify or to abrogate the finality of decisions of the Board of Tax Appeals or of the Tax Court.[6] Moreover, the

---

L.Ed. 543. Later, the petitioner requested leave to file out of time a petition for rehearing. The Court vacated its order denying certiorari and granted it. 319 U.S. 778, 63 S.Ct. 1323, 87 L. Ed. 1723. After a hearing on the jurisdictional question the Court held that after an order has become final and the prescribed time has elapsed, the statute (Section 1140) deprives it of jurisdiction.

[5] The taxpayers contend with respect to the motion relating to the year 1936 that the provisions of Section 1140, specifying when a decision of the Board shall become final, are not applicable to decisions of the Board or the Tax Court entered on a stipulation. This assertion does not require extended consideration. Though the Board acted pursuant to a stipulation, its decision was a judicial act and not simply an agreement between the parties. Such a decision is not removed from the ambit of statutes governing litigation before the Board. Section 1140 applies to every decision of the Board. The fact that Section 1140(a) provides that a decision shall become final upon the expiration of the time allowed for filing a petition for review, if no such petition has been filed, does not make Section 1140 inapplicable to a decision entered on a stipulation from which, of course, no appeal was taken.

In support of their position the tax-

payers cite Carnegie Steel Co. v. Cambria Iron Co., 185 U.S. 403, 22 S.Ct. 698, 46 L.Ed. 968, and Brast v. Winding Gulf Colliery Co., 4 Cir., 94 F.2d 179. The decision first referred to deals with the right of parties upon notice to repudiate a stipulation during the course of an appeal. It therefore is not pertinent. The decision last mentioned involved the right of a court to grant relief from a stipulation entered under a mistake of law. But the stipulation with respect to the deficiency for the year 1936 was entered into, as we have said, because of the ruling of the Supreme Court in Higgins v. Commissioner, 312 U.S. 212, 61 S.Ct. 475, 85 L.Ed. 783. The taxpayers do not contend that the Higgins case was wrongly decided. In effect they do assert that they acted under a mistake of law because the doctrine of the Higgins case has become inapplicable to them because of the changes wrought by the Revenue Act of October 21, 1942. Without embarking upon an extended discussion of what may constitute such a mistake of law as would justify the vacating of a judicial decision, we think it is enough to state that the provisions of Section 121 do not aid the taxpayers for the reasons set out hereinafter in this opinion.

[6] See House Report No. 2333, 77th Cong. 2nd Sess. p. 46 and Senate Report No. 1631, 77th Cong. 2nd Sess. pp. 87–88.

House Report discusses amendments to the statute of limitations and makes no reference to Section 121 in this connection.[7] In view of the numerous decisions giving effect to the provisions of Section 1140, it is unlikely that Congress would have attempted to repeal that section without an explicit declaration to that effect. A holding that Section 121 of the Revenue Act of 1942 repealed Section 1140 would permit the opening of many final decisions upon which the periods of appeal have expired and would inundate the courts with litigation respecting stale claims. Such a ruling would be contrary to the entire spirit of tax legislation which is to require an early and final adjudication of tax claims. We conclude that there has been no repeal of Section 1140 by implication or otherwise.

Accordingly the decisions of the Tax Court are affirmed.

---

[7] See House Report supra at p. 52.