**Bessie LASKY and Jesse L. Lasky, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 14868.**

United States Court of Appeals Ninth Circuit.

June 13, 1956.

Writ of Certiorari Granted Nov. 5, 1956.

Robert Ash, Carl F. Bauersfeld, Washington, D. C., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, I. Henry Kutz, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, Chief Judge, LEMMON, Circuit Judge, and SOLOMON, District Judge.

DENMAN, Chief Judge.

Lasky and his wife seek to petition this court for review of decisions of the Tax Court, "an independent agency in the Executive Branch of the Government".[1] That agency held that over $800,000.00 received by Lasky in connection with the motion picture "Ser-

1. 26 U.S.C. § 1100 [now 26 U.S.C. § 7441], reading:

"§ 7441. Status.

"The Board of Tax Appeals shall be continued as an independent agency in the Executive Branch of the Government, and shall be known as the Tax Court of the United States. The members thereof shall be known as the chief judge and the judges of the Tax Court. Aug. 16, 1954, 9:45 E.D.T. c. 736, 68A Stat. 879."

geant York" was ordinary income rather than capital gain, and consequently that Lasky and his wife each owe tax deficiencies of over $224,500.00.

The Commissioner challenges the jurisdiction of this Court of Appeals to consider the merits of the claimed right of review and moved to dismiss the petitions, contending that they were not filed within three months after the decision of the Tax Court as was required by 26 U.S.C. § 1142 which provided:[2]

"The decision of the Tax Court * * * may be reviewed by a court of appeals * * * if a petition for such review is filed by either the Commissioner or the taxpayer within three months after the decision is rendered * * *."

and by 26 U.S.C. § 1140 making the agency's decision final, reading:

"§ 1140. Date when Tax Court decision becomes final

"The Decision of the Tax Court shall become final—(a) Petition for review not filed on time. Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time".

■ ▇▇▇ ■ Clearly here the conditions precedent to the Court of Appeals' jurisdiction to review Tax Court action is the filing of the petition within three months of the Tax Court's first decision which was entered on April 8, 1954. No such petition was filed. Some four months after the decision, on August 23, 1954, the petitioners moved the Tax Court to vacate the decision of April 8, 1954, on the ground of excusable neglect,[3] a power formerly in the federal courts' equity jurisdiction, cf. Wayne United Gas Co. v. Owens-Illinois Glass Co., 1937, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, and now contained in Rule 60(b), F.R.C.P., 28 U.S.C., which by

Rule 1 is confined to the United States District Courts and not applicable to executive agencies.[4]

Though not a court at all but merely an administrative agency it assumed the power of a district court and in December, 1954, it granted petitioners' motions to vacate its decision of April 8, 1954, and for the taking of additional evidence. After additional evidence was taken, the Tax Court rendered a second decision reaching the same result as in the first. The petition for review of the second decision was filed well within three months of the date it was entered.

In Swall v. Commissioner of Internal Revenue, 9 Cir., 122 F.2d 324 certiorari denied 1941, 314 U.S. 697, 62 S.Ct. 414, 86 L.Ed. 557, this Court held that a decision of this administrative agency [then called the Board of Tax Appeals] becomes final three months after it was entered and that thereafter the Tax Court has no power to modify it or reconsider it. The decision was based on the precedent statutes applicable to the agency when it was called the Board of Tax Appeals identical with those cited supra by the Commissioner as the basis of his motion to dismiss.

Our decision in the Swall case was preceded by similar decisions of the First Circuit, Sweet v. Commissioner, 120 F.2d 77, succeeded by a second decision, Denholm & McKay Co. v. Commissioner, 132 F.2d 243; the Second Circuit in Monjar v. Commissioner, 140 F.2d 263, and the Third Circuit in White's Will v. Commissioner, 142 F.2d 746.

Our Swall case and these cases are based on our construction of the word "final" in the § 1140 cited supra as the Supreme Court in Helvering v. Northern Coal Co., 1934, 293 U.S. 191, 55 S.Ct. 3, 79 L.Ed. 281, construed the word "final" as used with reference to

---

2. Now 26 U.S.C. § 7482.

3. The failure to act in the statutory period was caused by the misfiling of the Tax Court's decisions in the office of pe-

titioners' former attorney by a member of his staff.

4. Katz v. Commissioner of Internal Revenue, 2 Cir., 1951, 188 F.2d 957.

that court's decisions in the Revenue Act of 1926. There the Supreme Court had rendered its judgment affirming several judgments of the Board of Tax Appeals and issued its mandates. During the term of the court motions for petitions for rehearing were filed which in ordinary cases the court had the jurisdiction to entertain. It held that:

"Section 1005(a) (4) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 110, 111, U.S.C., tit. 26, § 1228(a) (4) (26 U.S.C.A. § 1228(a) (4), with respect to decisions of the Board of Tax Appeals, provides:

" 'Sec. 1005. (a) The decision of the board shall become final—
\* \* \*

'(4) Upon the expiration of thirty days from the date of issuance of the mandate of the Supreme Court, if such court directs that the decision of the board be affirmed or the petition for review dismissed.'

"In view of the authoritative and explicit requirement of the statute and of its application to these cases, the petitions for rehearing are severally denied."

Some nine years later the Supreme Court again held that the finality provided in the legislation gave it no jurisdiction to afford relief thereafter. R. Simpson & Co. v. Commissioner, 321 U.S. 225, 228 et seq., 64 S.Ct. 496, 88 L.Ed. 688.

Obviously if the Supreme Court lacks the power to reconsider because the decision of the Board has become "final", a fortiori such an agency as the Tax Court likewise lacks the power by the words of Section 1140 [5] that "The decision of the Tax Court shall become final \* \* \* upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time".

Counsel for the Laskys, ignoring the Congressional definition of it as an executive agency, contend that the Tax Court is "like other *courts*" and hence as a *court* has the *"inherent* power to control, amend, open and vacate its decisions."

Extraordinary as it is that counsel, without mention of the statutory definition, seeks to have us act as if it did not exist, we find that the Sixth Circuit, in Reo Motors v. Commissioner, 219 F.2d 610, 612, similarly ignores the statute and, without mentioning it, treats the Tax Court not as a mere executive agency but as having the inherent power of a United States Court.

In that case the Tax Court, more than three months after its final decision, ordered it set aside on the ground of mutual mistake of fact of both the parties in presenting the case to the agency. The Sixth Circuit holds of this executive agency that it has the jurisdiction so to act since "as a practical matter, it is a court exercising *inherently* judicial functions and having the necessary judicial powers to carry out such functions." It treats the agency as having the powers of a court to grant a writ of error coram nobis.

That court relies on the case of Goldsmith v. United States Board of Tax Appeals, 1925, 270 U.S. 117, 46 S.Ct. 215, 217, 70 L.Ed. 494. There the sole question was whether the Board of Tax Appeals had the power to make rules governing the right to practice before it. The Supreme Court held the agency had this power because of its "quasi judicial" character, quoting the words of the statute that " 'The board shall be an independent agency in the executive branch of the government.' " Nothing in that opinion remotely suggests that the agency is a court having the inherent power to issue writs coram nobis. Its quasi judicial powers of making rules, summoning witnesses, etc., are no more than are given other executive agencies such as the National Labor Relations Board.

Further, the Sixth Circuit opinion fails to mention the Supreme Court de-

---

**5.** Now 26 U.S.C. (I.R.C.1954) § 7481.

cision in Helvering v. Northern Coal Co., supra, nine years after the Goldsmith decision was rendered. Nor does it consider our decision in the Swall case or the four other Circuit Court decisions cited above. That is to say, it ignores both the governing statute and the precedent opinions on it.

Both the Sixth Circuit and counsel here cite the case of La Floridienne J. Buttgenbach & Co. v. Commissioner, 5 Cir., 1933, 63 F.2d 630, where the court held *solely* that *on the stipulation of the parties* the Board of Tax Appeals could set aside its final order more than three months after its rendition. Here there is no such stipulation. More important still, the Buttgenbach case was decided in 1933, the year before the Supreme Court rendered its Northern Coal Co. decision in 1934, determining that where the statutes make final the action of the taxing agency, no jurisdiction exists after such finality to set the decision aside. The Buttgenbach case was specifically criticized in our opinion in the Swall case, supra. Though parties may stipulate to the jurisdiction of the *person,* they may not do so as to the *subject matter.*

Finally the Laskys stress the decision of the Supreme Court in Wayne United Gas Co. v. Owens-Illinois Glass Co., 1937, 300 U.S. 131, 57 S.Ct. 382, 81 L. Ed. 557. In effect, they claim this case overrules the Northern Coal decision of 1934, though it does not mention it. In that case the matter in question was the power not of a mere executive agency but of the bankruptcy court to vacate its own order dismissing a petition for reorganization under 77B of the bankruptcy act, after the time for appeal had expired and after the term of the court had ended. The district court held it had such power. The Court of Appeals held it had not and reversed. The Supreme Court reversed, holding the District Court sitting in bankruptcy, had no term and that it could exercise its equitable powers as a bankruptcy *court* to set aside its decision after the time for appeal had expired.

Here was no overruling of the Northern Coal case for the bankruptcy laws made no such provision for finality of the court's decisions considered in that case, nor is there any such Congressional intent regarding the bankruptcy court as was expressed concerning the Tax Court agency by the Senate Committee Report on the identical predecessor section 1005 of the Revenue Act of 1926 now section 1140, which report stated:

"Date on which decision becomes final.—Section 1005 prescribes the date on which a decision of the Board (whether or not review thereof is had) is to become final. Inasmuch as the statute of limitations upon assessments and suits for collection, both of which are suspended during review of the Commissioner's determination, commences to run upon the day upon which the Board's decision becomes final, it is of utmost importance that this time be specified as accurately as possible. In some instances in order to achieve this result the usual rules of law applicable in court procedure must be changed. For example, the power of the court of review to recall its mandate is made to expire 30 days from the date of issuance of the mandate."

And as a final answer to the contention that the Wayne United Gas Co. case overruled the Northern Coal case, is the decision affirming the Northern Coal case in Simpson Co. case, decided seven years after the Wayne United Gas case.

We hold the Tax Court was without jurisdiction to set aside its first decision and that this court has no jurisdiction to consider a petition for review of its second decision. The petition for review is ordered dismissed.