John N. Flood and Catherine Flood v. Commissioner. John N. Flood v. Commissioner.
Flood v. Commissioner
Docket Nos. 86926, 86927.
United States Tax Court
T.C. Memo 1969-249; 1969 Tax Ct. Memo LEXIS 48; 28 T.C.M. (CCH) 1277; T.C.M. (RIA) 69249; November 24, 1969, Filed. John N. Flood, pro se, Rt. 1, Germantown, Wis. Paul G. Wilson, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: In docket No. 86926, stipulated decision was entered in June of 1962 showing petitioners' liabilities for income tax and additions to tax for the years 1951, 1952 and 1954. In docket No. 86927, stipulated decision was entered in June of 1962 showing petitioner's liabilities for income tax and additions to the tax for the year 1953. On July 8, 1969, petitioners filed in each of the above docketed cases, a motion for leave to file motion to vacate the stipulated decisions that had been entered in June of 1962. With said motions for leave petitioners transmitted motions to vacate the decisions which were "lodged" but not filed. Respondent filed written objections *49 to the granting of said motions for leave. Hearing was had on October 6, 1969 upon petitioners' motions for leave filed in these two cases and respondent's objections thereto and the parties have filed briefs. Petitioners' argument for the granting of their motions for leave is based entirely upon the grounds set forth in the attached motions to vacate which incorporate the affidavit of petitioner John N. Flood. The motions to vacate, which are in all material respect identical in each docket, alleg that the stipulated decisions of June 1962 "were procured by and based upon extrinsic fraud perpetrated upon the Court." The motions state that the alleged "extrinsic fraud" consisted of the actions of the persons who represented petitioners in 1962. The motions allege that these persons demanded high fees "in advance of the preparation for a trial" and petitioners could not pay these fees and as a result the stipulations, on which the decisions were based, were entered into. The motions allege that because of the demand for high fees in advance of trial petitioners were prevented from presenting their cases "fully to the impartial tribunal for the decision on the merits." The motions *50 then go on to allege that petitioner had no additional income for the years in issue; that respondent's determinations of additional income were in violation of law; and that respondent's determinations of additional taxes, penalties and interest for the years in question were in violation of the Fifth, Thirteenth and Sixteenth Amendments to the Constitution of the United States. Since there were no petitions for review of the decisions in these dockets the stipulated decisions became final in September of 1962. Sections 7481 and 7483, I.R.C. of 1954; Lasky v. Commissioner, 1278 235 F. 2d 97 (C.A. 9, 1956), affirmed per curiam 352 U.S. 1027 (1957). Petitioners cite and rely on Kenner v. Commissioner, 387 F. 2d 689 (C.A. 7, 1968). There is language in the Kenner case indicating this Court does have power to vacate a decision which is the product of fraud upon the Court. In our recent opinion in John J. Toscano, 52 T.C. 295 (1969), we said with respect to the "fraud on the Court," that would justify vacating a decision under the pronouncement in the Kenner case that "[at] the very least it must be established *51 clearly and convincingly that the former decision was obtained as a direct result of fraud and it should also be shown that the fraudulent conduct was deliberately undertaken to influence the Court in its decision." There are no assertions in the motions to vacate, or the affidavits that are made a part thereof, which if true, would establish that the decisions were the result of fraud perpetrated on the Court. The decisions were entered under written stipulations of the parties for less taxes and additions thereto than the taxes and additions determined in the deficiency notices. Even if we assume this Court would be justified in vacating a decision that is the result of fraud on the Court, as indicated in the Kenner case, we hold petitioners' motions to vacate would be insufficient to demonstrate fraud was perpetrated on the Court in order to obtain the decisions. For the reasons stated, petitioners' motions for special leave to file the motions to vacate have been denied. An appropriate order will be entered.