AMERADA HESS CORPORATION, SUCCESSOR BY MERGER OF HESS OIL AND CHEMICAL CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 5842-70, 1367-71.    Filed March 29, 1976.

*Norman Sinrich,* for the petitioner.
*Robert S. Lamont* and *James L. Stegmann,* for the respondent.

OPINION

FORRESTER, *Judge:* On January 8, 1974, we entered decisions determining deficiencies in petitioner Amerada Hess Corp.'s income tax for the years 1964 and 1965 in accordance with our opinion filed November 14, 1973. *White Farm Equipment Co.,* 61 T.C. 189 (1973). On May 13, 1975, the United States Court of Appeals for the Third Circuit reversed those decisions. 517 F. 2d 75 (3d Cir. 1975).[1]

On October 10, 1975, respondent petitioned the Supreme Court of the United States to issue a writ of certiorari to the Third Circuit to review that court's decision reversing us in the Amerada Hess dockets. On December 15, 1975, the Supreme

---

[1] Docket No. 4792-69, pertaining to petitioner White Farm Equipment Co. (White Farm docket), was consolidated in this Court with docket Nos. 5842-70 and 1367-71 (Amerada Hess dockets) for trial, briefing, and opinion. Our decision in the White Farm docket was consolidated with our decisions in the Amerada Hess dockets in proceedings on appeal before the U.S. Court of Appeals for the Third Circuit.

Court denied respondent's petition for certiorari, and on December 22, 1975, the Third Circuit issued its mandate directing us to enter judgments in the Amerada Hess dockets in accordance with the opinion of that court. Respondent has not petitioned the Supreme Court for a rehearing on the denial of certiorari nor has he sought an extension of time in which to file such petition.

On September 10, 1975, White Farm timely filed a petition for a writ of certiorari to the Third Circuit with the Supreme Court. In these proceedings before the Supreme Court the decision of the Third Circuit in the White Farm docket was not consolidated with its decisions in the Amerada Hess dockets. On December 15, 1975, the Supreme Court denied White Farm's petition for a writ of certiorari.

White Farm timely filed a motion for extension of time in which to file a petition for rehearing on the denial of its petition for certiorari. On January 9, 1976, Mr. Justice Brennan signed an order extending White Farm's time in which to file a petition for rehearing, and on February 4, 1976, Mr. Justice Brennan approved a further extension of time until April 16, 1976.

On January 12, 1976, under Rule 155 proceedings pursuant to the mandate of the Third Circuit, we ordered the parties in the Amerada Hess dockets to submit agreed-upon computations and forms of decisions, or to otherwise move, by February 25, 1976. The parties in the Amerada Hess dockets agree that there is no tax deficiency or liability for 1964 and that there is an over-payment in taxes in 1965 of $1,320,567.40. No dispute exists between the parties in the Amerada Hess dockets as to the proper form of decisions to be entered by us in those dockets under the Third Circuit mandate.

On February 25, 1976, respondent moved this Court to continue its entry of decisions in the Amerada Hess dockets and in the White Farm docket pending the outcome of White Farm's not-yet-filed petition for rehearing in the Supreme Court. On the same date petitioner Amerada Hess filed a motion for immediate entry of decisions in the Amerada Hess dockets.

We heard the motions on March 3, 1976. Pursuant to the agreement of the parties in the White Farm docket we granted the requested continuance until May 19, 1976. We ordered the parties in the Amerada Hess dockets to file simultaneous

memorandum briefs on or before March 11, 1976, regarding respondent's motion for a continuance.

The sole issue before us is whether we have the discretion to grant a continuance delaying the entry of decisions pursuant to the mandate of the United States Court of Appeals where no dispute exists between the parties as to the computations or form of decisions, and where the mandate of the Circuit Court is in full force and effect.

Respondent contends that the interests of justice can only be served by granting his motion for continuance. He submits that should the Supreme Court grant White Farm's petition for rehearing and reverse the Third Circuit's opinion, he will be left without a remedy to reopen the decisions in the Amerada Hess dockets because those decisions will have become final under section 7481(a)(3)(B).[2] Should this eventuality occur approximately $4.6 million in tax revenue would be lost.

The petitioner argues that we have merely a ministerial duty to enter decisions in the Amerada Hess dockets and no discretion to do otherwise. We agree with petitioner, deny respondent's motion for a continuance, and grant petitioner's motion for immediate entry of decision.

Under section 7481(a)(3)(B), our decisions in the Amerada Hess dockets, rendered in accordance with the mandate of the Third Circuit, will become final 30 days after entry. Once our decisions become final under section 7481 there is no remedy available to the respondent to reopen that case. *R. Simpson & Co. v. Commissioner,* 321 U.S. 225 (1944). In *Simpson* the Supreme Court held that regarding the finality of a Tax Court decision the Supreme Court has no inherent power to reopen the case. The Supreme Court based its holding in *Simpson* on the predecessors[3] to section 7481(a)(3)(B), citing the necessity "to determine definitely the date on which the statute of limitations, suspended during appeal, begins to run again and assessment may be made by the Commissioner."[4] 321 U.S. at 228. Absent fraud upon this

---

[2] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.

[3] Sec. 1140(b)(2) and (3), I.R.C. 1939; sec. 1005(a)(3) and (4), Revenue Act of 1926, 44-2 Stat. 110.

[4] We can see a material distinction between the result of our decisions here and the result of *R. Simpson & Co. v. Commissioner,* 321 U.S. 225 (1944), which could render the holding of *Simpson* inapposite. In the Amerada Hess dockets petitioner will owe no tax in one and will receive a refund in the other. The Commissioner will not be making any assessment because no deficiencies exist. Thus the case seems analogous to the situation

Court, we likewise have no authority to reopen a final decision. *Lasky v. Commissioner,* 235 F. 2d 97 (9th Cir. 1956), affd. per curiam 352 U.S. 1027 (1957); *William L. Taub,* 64 T.C. 741, 751 (1975).

Because respondent will lack a remedy after the decisions in the Amerada Hess dockets become final, he urges us to exercise discretion "in the interests of justice" and to delay entry of the decisions so that he will avoid potential liability to both taxpayers and not be caught in the middle as the only loser. However, the interests of justice are best served if we perform the duties that lie before us. Respondent has not cited to us one case that could support our exercise of discretion to delay entry of the decision in the Amerada Hess dockets. There is no authority to cite. Our own Rules [5] compel us to enter the decisions once the parties have agreed upon the computations. Rule 155(a), Tax Court Rules of Practice and Procedure.

However, respondent insists that if we grant his motion for a continuance we will not be ignoring the mandate of the Third Circuit because we have inherent discretion to grant such a motion. We disagree. Obeying a higher court's mandate and proceeding in accordance with it are not matters for discretion. *Gaines v. Rugg,* 148 U.S. 228, 239 (1893). The mandate of the Third Circuit directs us to enter judgments in the Amerada Hess dockets in accordance with its opinion reported at 517 F. 2d 75 (3d Cir. 1975). We are without power to do anything contrary to either the letter or the spirit of the mandate. *Thornton v. Carter,* 109 F. 2d 316 (8th Cir. 1940).[6] The parties have agreed to the

---

that normally exists in tax cases before the United States District Courts and the Court of Claims where a different rule applies and the Supreme Court may reopen a case after the decision has become final. *United States v. Ohio Power Co.,* 353 U.S. 98 (1957). However, we feel constrained to apply *Simpson* here because of that opinion's broad language. If the rule of *Ohio Power* should apply, the Supreme Court, we feel sure, will apply it. See also *Gondeck v. Pan American World Airways,* 382 U.S. 25 (1965).

[5] RULE 155. COMPUTATIONS BY PARTIES FOR ENTRY OF DECISION

(a) Agreed Computations: Where the Court has filed its opinion determining the issues in a case, it may withhold entry of its decision for the purpose of permitting the parties to submit computations pursuant to the Court's determination of the issues, showing the correct amount of the deficiency, liability, or overpayment to be entered as the decision. If the parties are in agreement as to the amount of the deficiency or overpayment to be entered as the decision pursuant to the findings and conclusions of the Court, they or either of them shall file promptly with the Court an original and two copies of a computation showing the amount of the deficiency, liability, or overpayment and that there is no disagreement that the figures shown are in accordance with the findings and conclusions of the Court. The Court will then enter its decision.

[6] The possibility that White Farm Equipment Co. may eventually file a petition for

proper form of the decisions and to the computations which are in accord with the Third Circuit's opinion. There is nothing left for us to do except to enter the decisions. Where the mandate requires only the execution of its decree, we are bound to execute it. *Gaines v. Rugg, supra.* Execution of the mandate's decree is a ministerial duty only. *United States v. United States District Court,* 272 F. 611 (9th Cir. 1921). Thus, it seems to us that to refuse entry of the decisions now would be to violate, or at least to ignore the mandate's directive. We cannot and will not frustrate the clear mandate of the Third Circuit which is presently in full force and effect.

Respondent has not explained to us why he did not seek to file a petition for rehearing of the denial of certiorari in the Amerada Hess dockets, nor why he did not seek an extension of time in which to file such petition. It seems to us that he can still seek relief from the proper authorities where he should have sought it in the first place. Either the Third Circuit or the Supreme Court can grant appropriate relief before our decisions become final. The decisions in the Amerada Hess dockets will become final 30 days after entry.

*Decisions have been entered for the petitioner.*

rehearing on the Supreme Court's denial of certiorari does not constitute the type of supervening circumstance that might cause us to proceed contrary to the Third Circuit's mandate. Cf. *Banco Nacional de Cuba v. Farr,* 383 F. 2d 166, 177-178 (2d Cir. 1967); *Lennig v. New York Life Ins. Co.,* 130 F. 2d 580 (3d Cir. 1942).