Harold WAPNICK, Petitioner–
Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 02–4172.

United States Court of Appeals,
Second Circuit.

Argued: March 30, 2004.

Decided: April 16, 2004.

1. The Honorable Alfred Covello, United States
District Judge for the District of Connecticut,

Harold Wapnick, Brooklyn, NY, pro se, for Appellant.

On Submission (Eileen J. O'Connor, Assistant Attorney General, U.S. Dept. of Justice, Thomas J. Clark and Joel McElvain, Attorneys, U.S. Dept. of Justice, on the brief), for Appellee.

Before: McLAUGHLIN and JACOBS, Circuit Judges, and COVELLO, District Judge.[1]

PER CURIAM.

Harold Wapnick, *pro se,* appeals from a judgment of the United States Tax Court (Colvin, *J.*), entered on April 9, 2002. Wapnick primarily challenges the Tax Court's ruling that he is collaterally estopped by his conviction in a prior criminal proceeding from contesting an additional tax penalty due to fraud. For the reasons that follow, we conclude that this Court lacks jurisdiction to consider the appeal.

**I**

Wapnick was convicted in 1993 of conspiracy to defraud the United States, and of aiding and abetting in the filing of false tax returns. The facts and circumstances are set forth in this Court's opinion affirming his conviction. *See United States v.*

sitting by designation.

*Wapnick,* 60 F.3d 948 (2d Cir.1995). In 1993, based upon information adduced in the criminal case, the Commissioner of Internal Revenue ("the Commissioner") assessed deficiencies against Wapnick for tax evasion and failure to pay estimated tax, and an additional penalty for substantial understatement of income. After a bench trial, the Tax Court upheld the deficiencies and penalties. *See Wapnick v. Commissioner,* No. 269–94, 83 T.C.M. (CCH) 1245 (2002).

Wapnick filed a timely notice of appeal in May 2002. Soon thereafter, the Clerk of Court directed him either to pay the filing fee or move for *in forma pauperis* status within ten days. Wapnick did not comply, and his appeal was dismissed. Sometime thereafter, the Tax Court advised this Court that the filing fee had been paid (apparently by error in the wrong court); Wapnick then filed a motion to reinstate his appeal, which was granted. Upon reinstatement, Wapnick was advised that his brief was due on a date in October 2002. No brief was filed, and on November 6, 2002 his appeal was (again) administratively dismissed, this time for failure to comply with the scheduling order.

On February 14, 2003, a hundred days after entry of the order dismissing his appeal, Wapnick filed a motion to reinstate the appeal, which we granted in April 2003. The Commissioner moved for reconsideration of that order, arguing that the Tax Court decision had become final 90 days after the date of the second dismissal, and that this Court therefore lacked jurisdiction to consider the appeal. The Commissioner's motion was referred to this panel for consideration together with the merits.

## II

■ This Court ordinarily has discretion to reinstate an appeal that has been dismissed for appellate default. *See*

*McHale v. United States,* 175 F.3d 115, 120 (2d Cir.1999); Fed. R.App. P. 2. However, section 7481 of the Internal Revenue Code provides that a decision of the Tax Court becomes final "[u]pon the expiration of the time allowed for filing a petition for certiorari, if the decision of the Tax Court has been affirmed or the appeal dismissed by the United States Court of Appeals and no petition for certiorari has been duly filed." 26 U.S.C. § 7481(a)(2)(A). In considering the predecessor to section 7481, the Supreme Court ruled that after an order of the Tax Court has become final the "statute deprives us of jurisdiction over the case." *R. Simpson & Co. v. Commissioner,* 321 U.S. 225, 230, 64 S.Ct. 496, 88 L.Ed. 688 (1944); *see also Lasky v. Commissioner,* 235 F.2d 97, 99 (9th Cir. 1956). The Court recognized that "the usual rules of law applicable in court procedure must be changed" to achieve the finality needed in the realm of tax decisions. *See Simpson,* 321 U.S. at 228, 64 S.Ct. 496.

■ Wapnick's appeal was dismissed on November 6, 2002 (for failure to comply with the scheduling order). Wapnick failed to move for reconsideration, and no petition for certiorari was filed within the prescribed 90–day period. *See* 28 U.S.C. § 2101(c); Sup.Ct. R. 13.1. Accordingly, the decision of the Tax Court became final before Wapnick filed his February 14, 2003 motion to reinstate this appeal, *see* 26 U.S.C. § 7481(a)(2)(A), and this Court lacks jurisdiction to consider it.

## CONCLUSION

For the foregoing reasons, the appeal is dismissed. Wapnick's motion for reinstatement of his prior motion seeking reargument is consequently denied as moot.