**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Parviz LAVI, Defendant–Appellant.**

No. 05–2980–cv.

United States Court of Appeals,
Second Circuit.

Feb. 13, 2006.

Eileen J. O'Connor, Assistant Attorney General, New York, NY, Andrea R. Tebbets & Bethany B. Hauser, Attorneys, Tax Division, Department of Justice, Washington, DC, for Plaintiff.

Parviz Lavi, Plainview, NY, for Defendant.

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

Parviz Lavi appeals from the decision of the United States District Court for the Eastern District of New York (Townes, *J.*) granting summary judgment in favor of the United States in its civil action to collect Lavi's unpaid federal income tax liabilities. We assume familiarity with the facts, the procedural history, and the issues on appeal.

"This Court reviews the district court's grant of summary judgment de novo, and we construe the evidence in the light most favorable to the non-moving party." *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999) (internal citation omitted).

■ 1. Lavi challenges the July 7, 1992 Tax Court decision. We lack jurisdiction to review a Tax Court decision once it has become final. *See Wapnick v. Comm'r*, 365 F.3d 131, 132 (2d Cir.2004). A decision of the Tax Court becomes final "[u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time." 26 U.S.C. § 7481(a)(1). "Review of a decision of the Tax Court shall be obtained by filing a notice of appeal with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered." 26 U.S.C. § 7483; *see also Carroll v. United States*, 339 F.3d 61, 67–68 (2d Cir.2003). Lavi does not assert, nor does he present any evidence showing, that he appealed the July 7, 1992 Tax Court decision. Consequently, the decision became final in October 1992, and we lack jurisdiction to consider it.

■ 2. Lavi asserts that the Government's action is barred by the statute of limitations. The government has ten years from the date of a tax *assessment* to institute a proceeding to collect the amount determined in the assessment. *See* 26 U.S.C. § 6502(a); *see also Capozzi v. United States*, 980 F.2d 872, 874 (2d Cir.1992). The Government filed its action against Lavi four days prior to the expiration of the limitations period for the earliest assessment at issue. Thus, the district court correctly held that the action was timely.

■ 3. Lavi asserts that Rev. Rul. 73–305, 1973–2 C.B. 43, 1973 WL 32999 should have controlled how the Government applied Lavi's December 1986 payments to his outstanding tax liability. According to 26 U.S.C. § 7805(b)(8), "[t]he Secretary may prescribe the extent, if any, to which any ruling (including any judicial decision or any administrative determination other than by regulation) relating to the internal revenue laws shall be applied without retroactive effect." Rev. Proc.2002–26, 2002–1 C.B. 746, 2002 WL 545245 explicitly supersedes Rev. Rul. 73–305 and provides no indication that it is not to apply retroactively. Thus, the district court correctly

---

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

held that Rev. Proc.2002–26 controls the application of Lavi's December 1986 payments.

■ 4. Lavi asserts that the district court erred in failing to consider the affidavit from Lavi's expert, accountant Robert Harman. "We review the district court's decision to admit or exclude expert testimony for an abuse of discretion. A district court's determination with respect to the admission of expert testimony is not an abuse of discretion unless it is manifestly erroneous." *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir.2004) (internal citations and quotations omitted). "[E]xperts are not permitted to present testimony in the form of legal conclusions." *Densberger v. United Techs. Corp.*, 297 F.3d 66, 74 (2d Cir.2002). Because the Harman affidavit both expressed itself in terms of legal conclusions and dealt with matters outside the jurisdiction of the district court, there was no abuse of discretion in disregarding it.

We have considered Lavi's remaining arguments and find each of them to be meritless.

For the foregoing reasons, the decision of the district court is **affirmed**.