## SWALL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9758.

Circuit Court of Appeals, Ninth Circuit.

Aug. 20, 1941.

Kimble & Thomas, of Fresno, Cal., and Roberts & McInnis, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Lee A. Jackson, and Carl J. Marold, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, Arthur Swall, seeks reversal of a decision of the Board of Tax Appeals denying a petition to vacate a decision which, on petitioner's own motion, dismissed a proceeding for redetermination of a deficiency in respect of his income tax for 1925. Hereafter, for brevity's sake, the decision dismissing the proceeding for redetermination will be called the first decision, and the decision denying the petition to vacate it will be called the second decision.

The first decision was rendered on September 30, 1933. No petition to review it was ever filed. The time within which such a petition might have been filed expired on December 30, 1933. Revenue Act of 1926, § 1001(a), as amended by Revenue Act of 1932, § 1101, 26 U.S.C.A.Int.Rev. Acts, page 311. Hence the first decision became final on December 30, 1933. Revenue Act of 1926, § 1005(a), 26 U.S.C.A. Int.Rev.Acts, page 314. The petition to vacate the first decision was filed on September 23, 1940. Thereafter the second decision was rendered and a petition to review it was filed in this court.

The first decision having become final before the petition to vacate it was filed, the Board was powerless to grant the petition and we are powerless to require the Board to do so. Helvering v. Northern Coal Co., 293 U.S. 191, 193, 55 S.Ct. 3, 79 L.Ed. 281. Insofar as it sup-

ports a contrary view, La Floridienne J. Buttenbach & Co. v. Commissioner, 5 Cir., 63 F.2d 630, cited by petitioner, was in effect overruled by Helvering v. Northern Coal Co., supra. We are of opinion, however, that, having no power—which is to say, no jurisdiction—to grant the petition to vacate, the Board, instead of denying it, should have dismissed it for want of jurisdiction.

The second decision is accordingly modified so as to dismiss the petition for want of jurisdiction and, as thus modified, is affirmed.