United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 06-60862
Summary Calendar
_____

DANNY Z HILAL

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

Respondent - Appellee

-------------------------
Appeal from the United States Tax Court
No. 8563-02
----------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner-appellant Danny Z. Hilal appeals the tax court's denial of his motion to set aside the dismissal of his tax case, arguing that the tax court abused its discretion in denying this motion. Because the tax court lacked jurisdiction to vacate its decision after the decision became final under § 7481 of the Internal Revenue Code, we AFFIRM.

On June 17, 2004, the tax court, without objection, dismissed Hilal's case for failure to prosecute and entered a decision sustaining the government's determination of the tax

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due.  On July 16, 2004, Hilal filed a pro se motion to vacate the order of dismissal and for a new trial, and the tax court summarily denied that motion.  More than two years later on August 7, 2006, Hilal filed a motion to set aside the dismissal.  The district court recharacterized the motion as a motion for leave to file a motion to vacate the order of dismissal and decision and denied the motion on August 15, 2006.  Hilal appeals.

Whether the tax court had jurisdiction to vacate a final decision is a question of law, which is reviewed de novo.  Harbold v. Comm'r, 51 F.3d 618, 621 (6th Cir. 1995).  Pursuant to §§ 7481(a) and 7483 of the Internal Revenue Code, in the absence of a timely appeal from a tax court decision, the decision becomes final after ninety days.[1]  I.R.C. §§ 7481(a) and 7483.  As a general rule, once a decision of the tax court becomes final, the tax court lacks jurisdiction to vacate that decision.  See, e.g., Davenport Recycling Assocs. v. Comm'r, 220 F.3d 1255, 1259 (11th Cir. 2000).

Courts have made exceptions to the finality rule in only three situations.  Id.  These exceptions to the general rule "must be construed narrowly" so that the finality of judgments is

---

[1]  I.R.C. § 7481 provides that "the decision of the Tax Court shall become final . . . [u]pon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time."  The notice of appeal must be filed "with the clerk of the Tax Court within 90 days after the decision of the Tax Court is entered."  I.R.C. § 7483.

preserved.  Id.  The first exception to the finality rule is when the tax court may have originally lacked jurisdiction to enter a final decision.  Billingsley v. Comm'r, 868 F.2d 1081, 1084-85 (9th Cir. 1989).  The rationale for this exception is that it would "border on absurdity" to prevent the tax court on jurisdictional grounds from vacating a decision it lacked jurisdiction to enter in the first place.  Id. at 1085.  Some circuits also allow an exception to the finality rule when there is a fraud upon the court.  See, e.g., Drobny v. Comm'r, 113 F.3d 670, 677 (7th Cir. 1997).  The third possible exception to the finality rule is for mutual mistake, where the tax court decision was predicated on the parties' stipulation, and both the government and the taxpayer concede they mistakenly entered into the stipulation.  Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir. 1988).  The validity of this third exception is questionable.  See, e.g., Harbold, 51 F.3d at 622; Swall v. Comm'r, 122 F.2d 324, 324 (9th Cir. 1941).  The tax court lacks jurisdiction to vacate its decision on other grounds, including newly discovered evidence, an intervening change in the law, and excusable neglect.  Kenner v. Comm'r, 387 F.2d 689, 690-91 (7th Cir. 1968); Toscano v. Comm'r, 441 F.2d 930, 932 (9th Cir. 1971).

Hilal argues that the tax court should have jurisdiction to vacate its decision in his case based on the doctrine of equitable tolling because in 2004, when the tax court issued its decision, he was mentally incapacitated.  But the tax court "is a

3

court of limited jurisdiction and lacks general equitable powers." <u>Comm'r v. McCoy</u>, 484 U.S. 3, 7 (1984).

As support for his argument, Hilal discusses instances in which the tax court applied the doctrine of equitable tolling for a statute of limitation, which is what he characterizes § 7481 as. But this characterization is improper because a statute of limitations protects potential defendants from stale claims. <u>Order of R.R. Telegraphers v. Ry. Express Agency</u>, 321 U.S. 342, 348-49 (1944). That is not the function of § 7481, which operates only after a decision has been rendered on a timely claim. <u>See</u> § 7481. Section 7481 applies equally to the government and the taxpayer and prevents the reopening of cases that have become final. <u>See</u> <u>id.</u>

Nor does his argument apply by analogy. The tax court may not exercise general equitable powers to assume jurisdiction where not provided for by statute. <u>Buchine v. Comm'r</u>, 20 F.3d 173, 177-78 (5th Cir. 1994). Section 7481 provides the tax court with jurisdiction to reopen its decision in two very limited circumstances in (c) and (d). Neither of those circumstances applies in this case, and the use of the word "solely" in those subsections indicates that the tax court may not reopen its final decisions for other circumstances not specified in the statute. <u>See</u> § 7481(c), (d).

No notice of appeal from the tax court's June 17, 2004 decision was filed within the time limits set forth in § 7483.

4

As a result, under § 7481(a), the tax court's decision became final ninety days later, on September 15, 2004.  Hilal does not contend that any of the three recognized exceptions to the finality rule applies.  Nor does the doctrine of equitable tolling give the tax court jurisdiction to vacate its decision.  See Buchine, 20 F.3d at 177-78.  Because Hilal filed his motion to set aside dismissal almost two years after the decision became final, the tax court lacked jurisdiction to vacate its decision and properly denied the motion.  We AFFIRM.

5