142 T.C. No. 23

UNITED STATES TAX COURT

DOUGLAS P. SNOW AND DEBORAH J. SNOW, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

DOUGLAS P. SNOW, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6838-95, 6839-95.        Filed June 17, 2014.

In 1993 R mailed notices of deficiency regarding Ps' 1987 and 1990 tax years. In 1995 Ps filed petitions with the Court. Ps moved to dismiss for lack of jurisdiction alleging that the notices of deficiency had not been mailed to Ps' last known address and were therefore invalid. R also moved to dismiss for lack of jurisdiction because the petitions were untimely. These cases were assigned to a Special Trial Judge who wrote an initial report granting Ps' motions to dismiss. Because of the amounts in issue, the decisions in these cases were required by statute to be made by a regular Judge. After the Special Trial Judge submitted his initial report for review, the report was rewritten to grant R's motions to dismiss rather than Ps' motions. A regular Judge adopted the rewritten report and then entered orders dismissing for lack of jurisdiction on Oct. 15, 1996. See Snow v. Commissioner, T.C. Memo. 1996-457. The orders, which are treated as decisions, became final on Jan. 13, 1997.

In August 2005 the Court informed Ps that the initial report of the Special Trial Judge had proposed to grant Ps' motions. The Court sent Ps a copy of the initial report. This notification was in reaction to <u>Ballard v. Commissioner</u>, 544 U.S. 40 (2005). On July 3, 2013, Ps filed motions for leave to file motions to vacate the orders of dismissal that had become final on Jan. 13, 1997.

<u>Held</u>: As a general rule, the finality of a Tax Court decision is absolute; the recognized exceptions are when there has been a fraud on the Court or when the decision was void because the Court did not have jurisdiction to enter the decision. Here there was no fraud on the Court and the Court clearly had jurisdiction to decide whether we had jurisdiction to redetermine the deficiencies involved. Ps' motions will be denied.

<u>Jonathan P. Decatorsmith</u>, for petitioners.

<u>George W. Bezold</u>, for respondent.

OPINION

RUWE, <u>Judge</u>: The matter before us concerns petitioners' motions for leave to file motions to vacate orders of dismissal.[1] The motions were filed on July 3, 2013. The orders of dismissal that petitioners' motions seek to vacate were entered on October 15, 1996, pursuant to our opinion in <u>Snow v. Commissioner</u>, T.C. Memo. 1996-457.

_____

[1]Proposed motions to vacate were embodied in petitioners' motions for leave to file.

## Background

The petitions in these cases were filed in 1995 regarding notices of deficiency for the taxable years 1987 and 1990. The notices of deficiency had been mailed in May 1993.

Shortly after the petitions were filed, the parties each moved to dismiss for lack of jurisdiction. Petitioners alleged that the notices of deficiency were invalid because they had not been sent to petitioners' last known address as required by section 6212.[2] Respondent alleged that the notices of deficiency had been sent to petitioners' last known address, and were valid, but that the petitions had not been filed within the 90-day period following the dates on which the notices of deficiency had been mailed as required by section 6213(a). The Court granted respondent's motions to dismiss, holding that the notices of deficiency were valid and the petitions were untimely.

Section 7459(c) provides that "if the Tax Court dismisses a proceeding for lack of jurisdiction, an order to that effect shall be entered in the records of the Tax Court, and the decision of the Tax Court shall be held to be rendered upon the date of such entry." "[A]n order of dismissal for lack of jurisdiction is treated as

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure applicable to the relevant events.

the Court's decision." Stewart v. Commissioner, 127 T.C. 109, 112 (2006).

Section 7481(a)(1) provides that the decision of the Tax Court becomes final upon the expiration of the time allowed for filing an appeal. Section 7483 provides that a notice of appeal must be filed within 90 days after the decision of the Tax Court is entered. Petitioners did not appeal, and the Court's decisions became final on January 13, 1997.

Petitioners' motions for leave to file motions to vacate come over 16 years after the decisions in these cases became final. Petitioners, however, argue that special circumstances warrant vacating these decisions. These circumstances require some explanation.

The decisions in these cases were entered by Judge Dawson and were based on an opinion of Special Trial Judge Goldberg with which Judge Dawson agreed.[3] See Snow v. Commissioner, T.C. Memo. 1996-457. Pursuant to section 7443A, the Chief Judge may assign certain types of cases to be heard by a Special Trial Judge. In cases such as petitioners', which involved disputed deficiencies

---

[3]The Tax Court is composed of Judges appointed by the President and several Special Trial Judges appointed from time to time by the Tax Court's Chief Judge. Judge Dawson was appointed by the President.

exceeding $10,000,[4] section 7443A required a presidentially appointed judge (hereinafter regular Judge) to make the decision. See Rules 180, 181, and 183 as they existed prior to amendment in 2005. At the time the instant cases were decided, it was the practice of the Court to have the report of a Special Trial Judge in such a case submitted to the Chief Judge, who would then assign it to a regular Judge for review, adoption, and entry of decision. If, upon review, the regular Judge disagreed with the Special Trial Judge's report, the two would confer and changes might be made through a collaborative process. See Ballard v. Commissioner, 544 U.S. 40, 57 (2005).

The Special Trial Judge's initial report in these cases, which was submitted to the Chief Judge pursuant to Rule 183(b), had proposed to grant petitioners' motions to dismiss for lack of jurisdiction because the notices of deficiency had not been properly sent to petitioners' last known address. In arriving at this conclusion, the initial report emphasized certain facts and circumstances that occurred after the mailing of the notices of deficiency.

After the Special Trial Judge submitted his initial report to the Chief Judge, the report was rewritten. The rewritten report explained that the appropriate test for deciding whether the notices were properly addressed was whether, at the time

---

[4]The amount is now $50,000. See sec. 7443A(b)(3), (c).

the notices of deficiency were mailed, the Internal Revenue Service (IRS) knew or should have known that petitioners had moved to a new address. See Ward v. Commissioner, 907 F.2d 517 (5th Cir. 1990), rev'g 92 T.C. 949 (1989); Pomeroy v. United States, 864 F.2d 1191 (5th Cir. 1989); Monge v. Commissioner, 93 T.C. 22 (1989). Using this analysis, the revised report considered facts occurring after the mailing of the notices of deficiency to be irrelevant and held that the notices of deficiency had been mailed to petitioners' last known address. As a result, the revised report held that the notices of deficiency were valid and that respondent's motions to dismiss should be granted because the petitions were untimely. Judge Dawson then adopted the revised report, which appears at T.C. Memo. 1996-457, and, on October 15, 1996, entered the orders (decisions) granting respondent's motions to dismiss for lack of jurisdiction.

In accordance with Rule 183 in effect from 1983 to 2005, it was the Tax Court's practice to treat a Special Trial Judge's initial report submitted to the Chief Judge for adoption and decision by a regular Judge as an internal document. Therefore, Special Trial Judges' initial reports were not made available to the parties. Only the adopted reports and the decisions were served on the parties. See Ballard v. Commissioner, 544 U.S. at 45-46.

Years later, in 2005, a case handled under Rule 183 as it existed from 1983 to 2005 was heard by the United States Supreme Court. In <u>Ballard</u>, the Supreme Court held that for purposes of appealing a Tax Court decision, the parties were entitled to have access to a copy of the Special Trial Judge's initial report. The Supreme Court held that this was required because an appellate court could not otherwise review whether the regular Judge had properly followed Rule 183, which required that the regular Judge give due regard to the fact that the Special Trial Judge had the opportunity to evaluate the credibility of witnesses and give the Special Trial Judge's findings of fact the presumption of correctness. Neither <u>Ballard</u> nor Rule 183 required the reviewing Judge to always accept the findings of the Special Trial Judge. Rule 183 permitted the reviewing Judge to modify or reject the Special Trial Judge's report in whole or in part after giving it due regard and the presumption of correctness.

In reaction to the 2005 <u>Ballard</u> opinion, the Tax Court revised its Rules so as to prospectively provide the parties a copy of the initial report of the Special Trial Judge and allow them to comment on that report before it was reviewed by a regular Judge. See Rule 183 effective September 20, 2005, and Amendments to Rules of Practice and Procedure of the United States Tax Court, with explanatory notes. 125 T.C. 339, 342-347. The Court also attempted to find initial copies of

Special Trial Judges' reports that had previously been submitted for review and

adoption.  The initial reports which could be found were then served on the

parties.  The initial report of Special Trial Judge Goldberg was served on

petitioners by an order dated August 19, 2005.[5]

_____

[5]The August 19, 2005, order stated:

 The Supreme Court decided in <u>Ballard v. Commissioner</u>, 544 U.S. ___ (2005), that draft opinions submitted to the Chief Judge by Special Trial Judges under Rule 183(b) of the Court's Rules of Practice and Procedure should have been available to the parties. From 1983 until issuance of the Supreme Court's opinion in <u>Ballard</u>, this Court did not file the draft opinions of Special Trial Judges submitted under Rule 183(b).  In retrospect and considering the Supreme Court's holding, draft opinions would have been filed and included in the public file.  Accordingly, the Court has decided that retained Special Trial Judge draft opinions will be filed and, thereafter, made publicly available.

 The Court recently conducted a search for retained copies of initial draft opinions submitted by Special Trial Judges to the Chief Judge under Rule 183(b).  A draft opinion was retained in the above-captioned cases in which a Special Trial Judge's draft opinion was adopted under the procedures of Rule 183(b).

 The foregoing considered, it is

 ORDERED that the Clerk of the Court file a copy of the Special Trial Judge's draft opinion submitted to the Chief Judge under Rule 183(b) and serve the same on the parties to these cases, and it is further

 ORDERED that the decisions in these cases are final under

(continued...)

Petitioners' motions that are now under consideration were filed almost 8 years after petitioners first learned of the Special Trial Judge's initial report and over 16 years after the decisions had become final. Petitioners allege that after receiving the Special Trial Judge's initial report in August 2005 they began exploring all options to obtain representation for the purpose of vacating the decisions that had been entered in 1996. Petitioners state that they contacted numerous attorneys, foundations, Senators, and Congressmen in their effort, but to no avail. They allege that it was not until late in 2012 that they were able to obtain their current counsel who filed the motions now under consideration in July 2013.

Respondent opposes petitioners' motions on the grounds that the Court is without jurisdiction to grant petitioners' motions to vacate the decisions that have long been final and that the opinion of the Court reported at T.C. Memo. 1996-457 is a correct application of the law to the facts.

## Discussion

Rule 162 provides that any motion to vacate a decision shall be filed within 30 days after the decision is entered, unless the Court otherwise permits. Petitioners' motions were not filed within 30 days. In order for petitioners'

---

[5](...continued)
I.R.C. section 7481 and remain in full force and effect.

proposed motions to vacate to be considered, Rule 162 required petitioners to file motions for leave to file their motions to vacate. The granting of such motions lies within the sound discretion of the Court. Stewart v. Commissioner, 127 T.C. at 111-112; see also Drobny v. Commissioner, 113 F.3d 670, 677 (7th Cir. 1997), aff'g T.C. Memo. 1995-209. But before we can exercise any discretion, we must have jurisdiction.

When jurisdiction is in issue, it is clear that we have jurisdiction to decide whether we have jurisdiction. Stewart v. Commissioner, 127 T.C. at 112. Thus, we must first determine whether we have jurisdiction to grant the requested relief. As we stated in Stewart:

> In order for us to consider the substantive merits of petitioner's motion for leave, we must still have jurisdiction. Except for very limited exceptions, none of which applies here, this Court lacks jurisdiction once a decision becomes final within the meaning of section 7481. Abatti v. Commissioner, 859 F.2d 115, 117-118 (9th Cir. 1988), affg. 86 T.C. 1319 (1986); Lasky v. Commissioner, 235 F.2d 97, 98 (9th Cir. 1956), affd. 352 U.S. 1027 (1957). As relevant here, a decision of the Tax Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been duly filed within such time". Sec. 7481(a)(1). Section 7483 provides that a notice of appeal may be filed within 90 days after a decision is entered. As previously explained, an order of dismissal for lack of jurisdiction is treated as the Court's decision.

Id. (fn. ref. omitted). Section 7481 provides for the finality of a Tax Court decision upon the expiration of the time for appeal. There were no appeals in

these cases.  Our jurisdiction in a case where our previous decision has become final is severely limited by both statute and caselaw.

As a general rule, the finality of a decision is absolute.  See Abatti v. Commissioner, 86 T.C. at 1323.  There are very few exceptions.  Cinema '84 v. Commissioner, 122 T.C. 264 (2004), aff'd, 412 F.3d 366 (2d Cir. 2005).  One exception is where there was a fraud on the court.  See Toscano v. Commissioner, 441 F.2d 930 (9th Cir. 1971), vacating 52 T.C. 295 (1969); Kenner v. Commissioner, 387 F.2d 689 (7th Cir. 1968); Cinema '84 v. Commissioner, 122 T.C. at 270, 271; Taub v. Commissioner, 64 T.C. 741, 751 (1975), aff'd without published opinion, 538 F.2d 314 (2d Cir. 1976); see also Senate Realty Corp. v. Commissioner, 511 F.2d 929 (2d Cir. 1975).  We have also vacated an otherwise final decision in a situation where the Court had never acquired jurisdiction to make a decision.  See Abeles v. Commissioner, 90 T.C. 103 (1988); accord Seven W. Enters., Inc. & Subs. v. Commissioner, 723 F.3d 857 (7th Cir. 2013), vacating and remanding 136 T.C. 539 (2011); Billingsley v. Commissioner, 868 F.2d 1081, 1084-1085 (9th Cir. 1989); Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999, 1002 (1978).  We may also "correct" a final decision where a clerical error in the decision is discovered after the decision has become final.  Michaels v. Commissioner, 144 F.3d 495 (7th Cir. 1998), aff'g T.C. Memo. 1995-294.  Here it

is clear that there was neither fraud on the Court nor clerical error and that we had jurisdiction for purposes of deciding whether to dismiss petitioners' cases for lack of jurisdiction. Petitioners make no argument to the contrary.

In Cinema '84 we noted that the Court of Appeals for the Sixth Circuit had previously held that a final decision of the Tax Court could be vacated in situations involving mutual mistake, see Reo Motors, Inc. v. Commissioner, 219 F.2d 610 (6th Cir. 1955), but that in a more recent case, Harbold v. Commissioner, 51 F.3d 618, 622 (6th Cir. 1995), the Court of Appeals for the Sixth Circuit held that Reo Motors, Inc. was overruled by the Supreme Court in Lasky v. Commissioner, 352 U.S. 1027 (1957), and that the Court would no longer follow the rationale of Reo Motors, Inc., Cinema '84 v. Commissioner, 122 T.C. at 270, 271.

In Wapnick v. Commissioner, 365 F.3d 131, 132 (2d Cir. 2004), the court explained the finality of Tax Court decisions, stating:

> [S]ection 7481 of the Internal Revenue Code provides that a decision of the Tax Court becomes final "[u]pon the expiration of the time allowed for filing a petition for certiorari, if the decision of the Tax Court has been affirmed or the appeal dismissed by the United States Court of Appeals and no petition for certiorari has been duly filed." 26 U.S.C. § 7481(a)(2)(A). In considering the predecessor to section 7481, the Supreme Court ruled that after an order of the Tax Court has become final the "statute deprives us of jurisdiction over the case." R. Simpson & Co. v. Commissioner, 321 U.S. 225, 230

(1944); see also Lasky v. Commissioner, 235 F.2d 97, 99 (9th Cir. 1956). The Court recognized that "the usual rules of law applicable in court procedure must be changed" to achieve the finality needed in the realm of tax decisions. See Simpson, 321 U.S. at 228.

The rule of finality can result in either the taxpayer or the Commissioner receiving a benefit that would not have been available had an error been corrected before a decision became final.[6]

We do not have equitable power to expand our jurisdiction. See Commissioner v. McCoy, 484 U.S. 3 (1987); Drobny v. Commissioner, 113 F.3d 670 (7th Cir. 1997); Woods v. Commissioner, 92 T.C. 776, 784 (1989). As we stated in Cinema '84 v. Commissioner, 122 T.C. at 271:

> Finally, movant alleges that the Court's affirmance of respondent's determinations created a whipsaw that "is patently unreasonable, unfair, unjust and inequitable." We are willing to assume that this is also correct. But the fact is that none of these allegations, standing alone or together, constitute a fraud on the Court or other valid reason for vacating a final decision of this Court. [Fn. ref. omitted.]

When a Tax Court decision becomes final and there is no jurisdiction in any other Federal court, lack of jurisdiction trumps equity. For example, in United States v. Dalm, 494 U.S. 596 (1990), the taxpayer, who had been the administratrix of her former employer's estate, received substantial payments from

---

[6]For a discussion of the hardships that can result from the rules governing finality, see Estate of Bailly v. Commissioner, 81 T.C. 949, 955 n.10 (1983).

the deceased employer's brother. Those payments were reported on a Federal gift tax return, and the gift tax was paid by the taxpayer. Subsequently, the IRS examined the taxpayer's income tax return for the year in which she received the payments and determined that the payments were taxable income rather than gifts. The taxpayer petitioned this Court, and we decided that the payments were taxable income. Subsequently, the taxpayer filed a claim for refund of the gift tax. The IRS denied the claim. In subsequent litigation over the erroneously paid gift tax, the United States Supreme Court held that the statute deprived the District Court of jurisdiction over the action for refund of the gift tax, noting that "Dalm does not seek to invoke equitable recoupment in determining her income tax liability; she has already litigated that liability [in the Tax Court] without raising a claim of equitable recoupment and is foreclosed from relitigating it now." Dalm, 494 U.S. at 606. Here, as in Dalm, our decisions have become final. As a result, we do not have jurisdiction to modify the decisions.

Recently, the Court of Appeals for the Seventh Circuit addressed the issue of our jurisdiction to vacate decisions that had become final where the decisions contained clerical errors. In Seven W. Enters., Inc. & Subs. v. Commissioner, 723 F.3d 857, 862 (7th Cir. 2013), the Court of Appeals held that the Tax Court had no jurisdiction to vacate an incorrect decision that had become final, stating:

Our case law makes it clear that, absent a fraud that infected the Tax Court's decision, the Tax Court cannot vacate a decision that has become final. Here, the Tax Court issued its decisions on June 8, and those decisions became final on September 6, 2011. The Commissioner does not contend that the June 8 decisions were the result of fraud. Consequently, the Tax Court did not have the authority to vacate those decisions. Instead, as was done in Michaels, the Tax Court should have corrected the initial decisions without vacating them.

Finally, both petitioners and respondent rely on an unreported case decided by the Court of Appeals for the Fifth Circuit, to which these cases are appealable. See Hilal v. Commissioner, 237 Fed. Appx. 932 (5th Cir. 2007).[7] In denying Hilal's motion to vacate a Tax Court decision where the motion was filed almost two years after the decision became final, the Court of Appeals stated:

> As a general rule, once a decision of the tax court becomes final, the tax court lacks jurisdiction to vacate that decision. See, e.g., Davenport Recycling Assocs. v. Comm'r, 220 F.3d 1255, 1259 (11th Cir. 2000).
>
> Courts have made exceptions to the finality rule in only three situations. Id. These exceptions to the general rule "must be construed narrowly" so that the finality of judgments is preserved. Id. The first exception to the finality rule is when the tax court may have originally lacked jurisdiction to enter a final decision. Billingsley v. Comm'r, 868 F.2d 1081, 1084-85 (9th Cir. 1989). The rationale for this exception is that it would "border on absurdity" to prevent the tax

---

[7]Fifth Circuit Rule 47.5.4 provides that, except under limited circumstances not relevant here, unpublished opinions issued on or after January 1, 1996, are not precedent. However, an unpublished opinion issued after January 1, 2007, may be cited pursuant to Fed. R. App. P. 32.1(a).

court on jurisdictional grounds from vacating a decision it lacked jurisdiction to enter in the first place. Id. at 1085. Some circuits also allow an exception to the finality rule when there is a fraud upon the court. See, e.g., Drobny v. Comm'r, 113 F.3d 670, 677 (7th Cir. 1997). The third possible exception to the finality rule is for mutual mistake, where the tax court decision was predicated on the parties' stipulation, and both the government and the taxpayer concede they mistakenly entered into the stipulation. Abatti v. Comm'r, 859 F.2d 115, 118 (9th Cir. 1988). The validity of this third exception is questionable. See, e.g., Harbold, 51 F.3d at 622; Swall v. Comm'r, 122 F.2d 324, 324 (9th Cir. 1941). The tax court lacks jurisdiction to vacate its decision on other grounds, including newly discovered evidence, an intervening change in the law, and excusable neglect. Kenner v. Comm'r, 387 F.2d 689, 690-91 (7th Cir. 1968); Toscano v. Comm'r, 441 F.2d 930, 932 (9th Cir. 1971).

Hilal v. Commissioner, 237 Fed. Appx. at 933-934.

None of the recognized exceptions to finality is present here. We had jurisdiction in 1996 to decide the question of our jurisdiction and to grant respondent's original motions to dismiss for lack of jurisdiction. Indeed, dismissal for lack of jurisdiction was also the remedy petitioners sought, albeit for different reasons than respondent. There is no allegation or evidence of fraud on the Court. Finally, there is no allegation or evidence of mutual mistake or clerical error.

Petitioners, nevertheless, argue that we should override the above precedents by applying rule 60(b) of the Federal Rules of Civil Procedure,[8]

---

[8]Fed. R. Civ. P. 60(b) provides, in part:

(continued...)

specifically, rule 60(b)(4) and (6).  Paragraph (c) requires that motions pursuant to

paragraph (b)(4) and (6) shall "be made within a reasonable time".  Our Rule 1(b)

provides that where there is no applicable rule, we may give "weight to the Federal

Rules of Civil Procedure to the extent that they are suitably adaptable to govern

the matter at hand."

Rule 60(b)(4) of the Federal Rules of Civil Procedure allows for relief from

a judgment that is void.  A judgment that was made by a court that was without

---

[8](...continued)

(b)    Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

jurisdiction is a void judgment. See Billingsley v. Commissioner, 868 F.2d 1081 (9th Cir. 1989); Abeles v. Commissioner, 90 T.C. 103 (1988). As previously explained, a Tax Court decision is considered void when the Court lacked jurisdiction to make the decision. Such a void decision can be vacated. However, as also previously explained, because petitioners filed petitions, we had jurisdiction to decide our jurisdiction, which is what we did in dismissing these cases in 1996.

Petitioners also allege that because they did not receive notice of the Special Trial Judge's initial report in time to timely appeal, they were deprived of due process and the decisions are void. Petitioners cite no cases where an alleged due process violation was grounds for vacating a final Tax Court decision. Indeed, a long line of previously cited cases severely restricts our jurisdiction to vacate a final decision to the narrow circumstances previously stated.[9]

_____

[9]Petitioners cite no cases that have held that the failure to provide the initial Special Trial Judge's report was a violation of due process. In this regard, we note that our decision in Snow v. Commissioner, T.C. Memo. 1996-457, did not deprive petitioners of a forum in which to contest their tax liabilities. In that opinion we advised petitioners as follows:

Petitioners are not without recourse. Because they paid the deficiencies, interest, and penalties in full on May 1, 1995, the time for filing a claim for refund has not yet run. Sec. 6511(a). If a timely refund claim is disallowed by respondent, petitioners could file a suit

(continued...)

Rule 60(b)(6) of the Federal Rules of Civil Procedure allows relief for "any other reason that justifies relief" from the operation of the judgment. However, the previously cited authorities narrowly restrict the "reasons" that can be used to override the finality of Tax Court decisions, and none of those reasons exists here.

Finally, even if we had jurisdiction to exercise discretion to vacate under paragraph (b)(4) or (6), paragraph (c) requires that such motions be made within a reasonable time. Petitioners' motions were made almost 8 years after petitioners received our August 19, 2005, order and a copy of the Special Trial Judge's initial report. While petitioners allege that they immediately began seeking assistance

---

[9](...continued)
for refund in the U.S. District Court or the U.S. Court of Federal Claims and thus litigate the merits of their tax liabilities for the years in question. [Id., slip op. at 13 n.2.]

As far as we know from the record, petitioners have not filed claims for refund. It therefore appears that petitioners may now be barred by sec. 6511(a) from obtaining any refunds for the years 1987 and 1990, regardless of whether we were to grant their current motions. See sec. 6511(a). As the Supreme Court stated in United States v. Dalm, 494 U.S. 596, 602 (1990), "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court."

from various quarters, we find this explanation insufficient to establish that their motions were filed within a reasonable time as required by paragraph (c).[10]

For the foregoing reasons, we will deny petitioners' motions for leave to file motions to vacate.

Appropriate orders will be issued.

———————————

[10]As explained supra note 9, the passage of time can prove fatal to relief even if taxes were erroneously collected.

In petitioners' proposed motions to vacate they ask this Court to order the refund of the tax deficiencies that they paid on May 1, 1995. We have held that we have no jurisdiction over the deficiency determinations in these cases. Indeed, we would have lacked jurisdiction even if we had granted petitioners' motions to dismiss for lack of jurisdiction. Lacking jurisdiction over the deficiencies, we have no power to order a refund. See sec. 6213(a), which provides in pertinent part: "The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition."